Rev. 7/06
CO Hab Corp
AO 241 amd.

FILED

MAY - 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_Glenn A. Hooks_

NAME (Under which you were convicted)

_No. 34869-016_

PRISON NUMBER

_F.C.I. Fairton P.O. Box #420_

PLACE OF CONFINEMENT/ADDRESS

_Fairton, New Jersey 08320_

_Glenn A. Hooks_                          )

(Full Name)            Petitioner          )
                                           )
                                           )
            v.                             )
                                           )
                                           )
_D.C. Division of Correction et al_        )

(Name of Warden, Superintendent, Jailor, or )
authorized person having custody of petitioner) )
                        Respondent          )

Case: 1:07-cv-00867
Assigned To : Unassigned
Assign. Date : 5/9/2007
Description: Habeas Corpus

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN CUSTODY IN THE DISTRICT OF COLUMBIA

### INSTRUCTIONS - PLEASE READ CAREFULLY

1. This petition must be legibly handwritten or typed, and signed by the petitioner.  Any false statement of material fact may serve as the basis for prosecution and conviction for perjury.  All questions must be answered concisely in the proper space on the form.

3. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief.  No citation of authorities need be furnished.  If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

4. Upon receipt, your petition will be filed if it is in proper order and is accompanied by a $5.00 filing fee.  Your check or money order should be made payable to: Clerk, U.S. District Court.

RECEIVED

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_1_

5.     If you cannot afford to pay the filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

6.     Only sentences imposed by one court may be challenged in a single petition. If you seek to challenge sentences entered by different courts, you must file separate petitions as to each court.

7.     When you have completed the form, send the original and one copy to:
        Clerk, United States District Court for the District of Columbia
        Room 1225
        333 Constitution Avenue, NW
        Washington, DC 20001

9.     <u>Petitions which do not conform to these instructions may be returned with a notation as to the deficiency.</u>

## PETITION

1.   (a)   Name and location of court which imposed the sentence (or detention) of conviction you are challenging: *Judge: Donald S. Smith*
      *D.C. Superior Court*

2.   (a)   Date of the sentence (or detention): *December 10, 1984*

3.   Length of sentence: *Count B. 10-30 yrs C. 10-30 yrs*

4.   Nature of offense involved (all counts): *Count B. Armed Robbery C. Assault w/ intent to commit robbery while armed*

5.   (a)   What was your plea? (Check one):
      ☑   Not guilty
      ☐   Guilty
      ☐   Nolo Contendere (no contest)
      ☐   Insanity

(b)    If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: *I plea not guilty to both counts due to my being robbed myself by a so-call friend and MPD Ofcs. failed to investigate my report.*

6.    Have you previously filed any petitions, applications, or motions with respect to this sentence in any court?

☐    Yes
☑    No

7.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1)    Name of Court: _____
       (2)    Nature of the proceedings: _____
              _____
              _____

       (3)    Grounds raised: _____
              _____
              _____
              _____
              _____

       (4)    Did you receive an evidentiary hearing on your petition, application or motion?
              ☐    Yes
              ☑    No
       (5)    Result: _____
       (6)    Date of result: _____

(b)    As to any second petition, application, or motion, give the same information:
       (1)    Name of Court: _____
       (2)    Nature of the proceedings: _____
              _____
              _____
              _____

       (3)    Grounds raised: _____
              _____
              _____
              _____
              _____

       (4)    Did you receive an evidentiary hearing on your petition, application or motion?
              ☐    Yes
              ☑    No
       (5)    Result: _____

    (6)    Date of result: _____

(c)    As to any third petition, application, or motion, give the same information:
    (1)    Name of Court: _____
    (2)    Nature of the proceedings: _____
              _____
              _____

    (3)    Grounds raised: _____
              _____
              _____
              _____

    (4)    Did you receive an evidentiary hearing on your petition, application or motion?
              ☐    Yes
              ☑    No
    (5)    Result: _____
    (6)    Date of result: _____

(d)    Did you appeal to the highest court having jurisdiction for the result of action taken in any petition, application or motion?
    (1)    First petition, etc."
              ☐    Yes
              ☑    No
    (2)    Second petition, etc.:
              ☐    Yes
              ☐    No

    (3)    Third petition, etc.:
              ☐    Yes
              ☑    No

(e)    If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not: ___N/_____
    _____/A_____
    _____
    _____
    _____

8.    State _concisely_ every ground on which you claim that you are being held unlawfully. Summarize _briefly_ the facts supporting each ground. If necessary, you may attach pages stating additional grounds and _facts_ supporting same.

Page 5

A.    GROUND ONE:

    (a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:

Cruel and unusual Punishment by Dosn-
ing multiple punishments for the same offence -
Efter my sentencing by Judge: Donald S. Smith

B.    GROUND TWO:

    (a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:

Due Process Claws

C.    GROUND THREE:

    (a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:

U. S. Parole Court violated Judge: Donald
S. Smith Commitment Order on 12/10/84

Page 6

D.    **GROUND FOUR:**

    (a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:

The parties in this matter violated a fundamental restoration of power within the U.S. Constitional structure and the practice that a petitioner must be given credit for time spent in custody on the sentence that is being served. When any Court hands down it's sentence the sentence has a start and expired date unless a Warrant is issued to stop the sentence for escape or failure to report on parole.

9.    If any of the grounds listed in 12A, B, C, or D were not previously presented in any other court, District of Columbia or Federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

10.   Do you have any petition or appeal pending in any other court, either, District of Columbia or Federal, as to the sentence (or detention) under attack?

        ☑   Yes
        ☐   No

    (a)    If so, give the name and location of the court and case number, if known: _____

    Judge: Micheal W. Farrell
    Case No. 06-CM-95

11.   Do you have any future sentence to serve after you complete the sentence (or detention) under attack?

        ☑   Yes
        ☐   No

    (a)    If so, give name and location of court which imposed sentence to be served in the future:

    100 days at D.C. Jail start on May 4, 2008

    D.C. Superior Court

Page 7

(b)     And give date and length of sentence to be served in future: _100 days_

(c)     Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

☑     Yes
☐     No

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_Glenn A. Hooks_
Petitioner's Signature

_2/15/07_
Date

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
~~District of Columbia~~

Case No. F 4600-83 BC

PDID No. 325-565

vs.

Glen A Hooks

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☒ No ____ ☐ Guilty to the Charge(s) of ____

B - Armed Robbery

C - Assault w Intent to ____ Robbery while ____

and having been found guilty ☐ ____ Jury ☐ Court, it is here ____ RED that the defendant has been co ____

____ ed of and is guilty of the offense charged, and is here ____ NCED to Ten h ____

years as to count B ____ w Thirty Yea ____

as to count c ____ Senta ____ ce to run

concurrent with each ____

☒ ORDERED that the defendant is committed to the custody ____ ttorney General for imprisonment ____
the period imposed above.

☐ ORDERED that the defendant be placed on probation in charge ____ he Director, Social Services Division
and it is further ORDERED that while on probation the defendant ____ erve the following marked conditions
of probation:

☐ Observe the general conditions of probation listed on the ____ f this order.

☐ Obtain a job as soon as possible or continue your present employment.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions). The Court
will distribute monies to _____

☐ _____

Costs in the aggregate amount of $ 1000 00 have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

December 10 1984
Date

A TRUE COPY
TEST JUL 6 2006

____ S Scott ____
Judge

Certification by Clerk pursuant to Crim ____

**Clerk Superior Court of the District of Columbia**

December 10 1984
Date

By: _____
Deputy Clerk

_____ C McClel ____
Deputy Clerk

07 0867

| Original | Court | Pink | Mayor's Office |
| Blue | Jail | Goldenrod | U.S. Attorney/Corporation Counsel |
| Green | Defendant | Goldenrod | Defense Attorney |
| Canary | Social Services | | |

FILED

MAY 9 2007

District Court
District of Columbia

Petitioner Glenn A. Hooks
No. 24869-016

Vs.

D.C. Division of Correction
U.S. Parole Commission et al

Petition for a Writ Habeas Corpus

Come now Glenn A. Hooks ———— pro se; and petit-
ion this court under the 1st amendment rights to
redress of grievance and to "Issue an writ of
correct! writ of Habeas Corpus et DCC*23-110 to
vacate, set aside or correct." and this court has
jurisdiction pursuant to DCC*23-110 or 16-1901 (A).
Subject matter jurisdiction and personal jurisdict-
ion over the custodian in the District of Columbia.
SEE: Guerra Vs. Meese, 252 U.S. App. D.C. 1, 2, 786F.
2d 414-15 (1986) and DCC*23-110 inter alia.
I. The judicial power extend to all cases, const.
art. III cl. 2. and this matter turns on numerous
of violations.
II. Petitioner is addressing a deprivation of a Cons-
titutional Rights and a hearing should be granted
on the merits. claims. Parts. et. al. and the cruel and
unusual punishment infliction under the U.S. Con-
stitution and the violation of the separation of
power doctrine. and Ex post facto laws and the
due process clause. const. art. I sect*19. cl. 3. SEE:
Luck, supra. 617A. 2d. 514. and Garomillo V. Romero.
I. N. M. 219 U.S. 219, 243, 190, 194 violates the 13th amen-
dment to (division). The good time vocational pro-
grams successfully completed, which is author-
ized by the provisions/contract, due process;

## Continue

, due process; D.C. prisoners created no pro-
perty or liberty interest in educational
programing that would protected by the
U.S. Constitution Amendment V, Brown V. Dis-
trict of Columbia (D.D.C. Nov. 11, 1991).
III. The jurisdiction Oar D.C. Code offenders
incarcerated in other jurisdiction must
bring (Habeas Corpus) petitions Oar good-
time credits, educational credits, vocation
al credits, etc. Pursuant to DC #24-311.01 24-
221.06. Doughty v. United State board of Parole,
785 F. supp. 653 _ D.D.C. 1992) cited in states
V. Buick, app. D.C. 678 A.2235 (1996) Current
through D.C. Vol #16-1. effective May 14, 2005
D.D.C #24-221.01 (2005; 24-433;
IV. The award so good time credits may be
forfeited, withhold, and restored by the Di-
rector and pro-mulgated, with by the pursuant
to 24-221.02 action a hearing. a sixth 6th amend-
ment right of due process 24-221.06; for only,
24-434; 24-221.02.
V. Petitioner were subject to multiple punishments
Oar the same offence after sentencing; there
were clear legislative intent establishes all
credit shall not be diminished and there were
no jury finding on institutional appeal Board
Committee established under # 24-432; 24-221.04 -
(2005); 24-221.06; 221.08 a six (6th) amendment -
right to a fair hearing as been violated.
VI. General Rules is unconstitutional statutes
and to alter is a violation, SEE Marbury V. -
Madison 5. U.S. 368. SEE: Fong Yue Ting V. -
U.S. 698, 479, 37 S.L. 905, 925, 13 Sup. Court
Rep. 1016 in the exercise of the "power of
statutes" violates the due process clause
and deprive us of life, liberty, the fifth
(5th) amendment Adams V. New York, 192 U.S.

<u>Continue</u>

Adams V. New York, 192 U.S. 585 ~ 48 L. ed. 575. 24 Sup. Court Rep. 372.

VII. These articles, violations of due process are legal documents presented. SEE: Strico V. Cello 67. Misc. 2d. 636. 324 N.Y.S. 2d 483. 486 and an Ancient document of the DCC #34-431.~-429;428. 427. SEE: F. Eve R. 803 (16)

VIII. Petition alleges all credits and all years to petitioners sentence violate _ ex post facto law and due process and it violates the separation of power doctrine - when U.S. Parole Comb. and et. al. added to the legal imposed sentence and it was - cruel and unusual punishment inflicted under the U.S. Constitution.

<u>Arguments:</u>

IX. The parties in this Matter violated a fund-damental restoration of power within the U.S. Constitional structure and the practice that - a petitioner must be given credit for time spent in custody on the sentence that is being served. When any court hands down its sentence: the sentence has a start and expired date, un - less a warrant is issues to stop the sentence for escape or failure to report on parole.

X. The petitioner is still in legal custody while on parole being supervised and reporting and complying with the conditions of parole thus this court judge can "Release" petitioner from its own judgment on sentence under DCC #23-110 to vacate. set aside.

XI. Petitioner has always remained in lawful custody of the (United State General) even

## Continue

(Unito State General) even when placed
on parole and all credit Must be granted
unless a warrant was issued to stop the pe-
titioner time and escape is the only way
time could possibly stop... assuming arqurted
,if a "Federal Judge" can not stop his/her sen-
tence "Once Executed" what give the U.S Parole
Comm. the power to exceed a judge court order
Order: and if a sentence was suspended out of
the D.C. Superior Court what give the Court.
the U.S. Parole Comm ... power do exceed a
a lower court judge and add more time on the
same Court and Order will violate the ex-
post facto law. Const. art. 9 cl.3 and violate
the separation of power doctrine and diminish-
ing the earned credits.

XII. The interpretation of the statutes 94-431(A) and
94-206 as applied in this case (per Noble V. U.S.
Parole Comm. 877 F. Supp = (D.D.C. 1995) 94-206 con-
trolls petitioner's parole and 94-431 controls petition-
er's parole...petitioner's street time can not be one
sided because parole time is still custody (Law-
ful custody) SEE: F. Evid. R. 803(16); Lich. Supra.617A
2d. 514; SEE: Fong Yue Ting V. U.S. 149 U.S. 698, 479,
375. L. ed 905. 935! 13 Sup. Court Rep 1016 in the ex-
ercise of the power of statutes. A sentences
may be aggregated, street time cannot be re-
scinded as it creates a separation of power
act, and a violation of ex post facto violat-
ion of art: sect #9 cl.3 of the U.S. Constit-
ution, the law of the land.

XIII. Judge Ferrbex, points out in the Noble
693 A.2d. at ___ IIII the legislation has decreed
decreed in unarbiguous language that all
defendants shall recieve credit for (street
time)

<u>Continue</u>

Shall recieve credit for (Street time) It
is not the courts role to question that
decision, also at .... 1108 "the court even in
the good cause may not impose on words
a meaning that they will not bear U.S.
V. Nar Dietscher Lloyd. 186 F. 391. 395(si)
N.Y. 1911) 223 U.S. 512. 32 S. ct. 344.58 L. ed
531. whether the cause in the case is good
or bad is not for the court to decide" But
the words of Doct # 54-431(A) will not bear
the meaning that was intended. The correct
rule of interpretation is the that if sta-
tutes relate to the same thing, they ought
all to be taken into consideration. Lick I
Supra 617. A. 2d at 514.

XIV. When legislation contemplates passing
a new statute, it is careful to reach the
statute in force it explicitly when pass-
ing the new one. The presumption against
implied repeals is avoided upon doctrine
that the legislature is presumed to en-
vision the whole body of the law. When it
enacts new legislation. Sutherland statu-
tory Construction 23.10 apt. 346 (4th ed 1985)
ed. U.S.S. 14 A. 2d 486-88 (7th Cir 1987) in short
of People V. Sims, 38 Mich. App. 127. 183 N.W.
2d 766 (1972) a parole granted a prisoner
<u>shall</u> be construed simply as a permit to
such prisoner to go without the enclosure
of the prison and not as a release, and
while so at large he ... shall be deemed
to be <u>skill</u> serving out the sentence impose
upon him/her by the court and shall be
entitled to good time the same as if he/
she were confined in prison.

XV. This court is also asked to take judici-
al Notice of Doat note: 10 in No.2e. 693 A2d
1084 (D.C. App. 1997)

Continue

1084 (D.C. App. 1997) where in the 2:00
provision a was subsequently deleted
authorizing credit for "street time -
spent on probation: Petitioner is here
today as a Special Visitor claim in this
matt and is respectfully requesting this
court to issue an "Order under DC #
23-110 on 16-1901 or a hearing to release
Petitioner from this sentence this D.C.
U.S. Court Judge imposed on Dec. 10. 19__
__ has expired or will expire on 12-10-__
this is a open in writing an deliver a
"written instrument and discharge pet
__ from the sentence in Docket No. F
4__-53 B.C.

XIV. The sentence has exceeded the "Maxim"
authorized by law and is subject to Col.
Veternal attack Walton, 590 A 3d 511-14(1990
and execution 23-110 and the "due process/
equal protection clause" Morrissey v. Brewer
408 U.S. 471, 484 (1972); Allen v. Hadden 586 F.
Supp 586 (Colo. 1982) the Admin. Pro. Act 5 USC.
706 (2)(A). directing reviewing court to set
aside action.

XVII. There is no "D.C. Parole Municipal Re-
gulations Governing the provisions on Su-
pervised release or parole since Aug. 2001
on D.C.M.R. at 28 D.C.M.R. ch # 1-2. SEE:
Append. III and there is no provisions SEE:
of parole in Revitalization Act sect # 24-201
24-1201 et. Seq. it violates the Ex Post Facto
clause and the separation of Power Do-
ctrine by agents agencies of (CSOSA) U.S.
Parole Comm. SEE: appendi II, D.C. C# 24-1231
XIII. DCC # 24-1212 all felonies offenders ser-
ve 85% both D.C. Code # 24-203. 1(d) and D.C.
Superior Court will assume jurisdiction
over parole violator warrants. revocation

Continue

violator warrants, revocation, and modify-
ing conditions of parole. SEE: D.C. Code
No. 24-1231, 1236(A) Cosgrove, 703 F. Supp.
995 (Dcc. 1988); Brewer, 408 U.S. 471, 482,
(1972) parole revocation liberty interest
Protection 5th-14th Amendment ID# 408 U.S.
at 489.

Certificate of Service

I, hereby cause this Motion under D.
C No. 23-110 to vacate, set aside "sen-
tence" or grant a hearing or the merits
or issue a writ to release the peti-
tioner from the sentence imposed by the
court on December 10 1984

Respectfully Submitted
Glenn A. Hooks
Notary:

D. Hacker    CASE MANAGER
Authorized by the Act of July 21, 1955,
as amended, to administer oaths
(18 U.S.C. 4004)
12/4/06

97

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
~~District of Columbia~~

Case No. F 4600-83 BC

vs.

PDID No. 325-563

Glen A Hooks

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☒ Not Guilty ☐ Guilty to the Charge(s) of _____
B - Armed Robbery
C - Assault with Intent to Commit Robbery while Armed
and having been found guilty by ☒ Jury ☐ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to Ten to Thirty
Years as to count B ; Ten to Thirty Years
as to count C. Sentences are to run
Concurrently with each other.

_____

☒ ORDERED that the defendant is committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions

MR. HOOKS:
THIS IS THE
CERTIFIED/NOTARIZED
COPY THAT HAS TH
RAISED NOTARY SEAL.
BEST REGARDS
C. Lacy

n the back of this order.

resent employment.

ogical or psychiatric treatment in accordance with

ndency or abuse as follows:

installments of $_____ beginning
everse side for payment instructions). The Court

been assessed under the Victims of Violent Crime
been paid.

der to appropriate authorized official(s) and that the
dant

COPY
DEC 8 2006

December 14 1984                        N Scott
Date                                     Judge

Clerk Superior Court of the
District of Columbia

Certification by Clerk pursuant to Crim

December 10, 1984     By: _____ Gerald G. McClur
Date                         Deputy Clerk              Deputy Clerk

Original    Court           Pink       — Mayor's Office
Blue       — Jail          Goldenrod  — U.S. Attorney/Corporation Counsel
Green      — Defendant     Goldenrod  — Defense Attorney
Canary     — Social Services

Form CDio 1040/Apr. 83

83  7762 P  w450

9:40

District Court
District of Columbia

Petitioner Glenn A. Hooks
No. 24869-016

Vs.

D.C. Division of Correction
U.S. Parole Commission et.al

Petition for a Writ Habeas Corpus

Come now Glenn A. Hooks in se; and peti-
tion this court under the 1st amendment rights to
redress of grievance and to "Issue an writ of
error/writ of Habeas Corpus et DCC #23-110 to
vacate, set a side or correct." and this court has
jurisdiction pursuant to DCC #23-110 or 16-1901 (A)
Subject matter jurisdiction and personal jurisdict-
ion over the custodian in the District of Columbia.
SEE: Guerra Vs. Meese. 352 U.S. App. D.C. 1. 2. 786F.
2d 414-15 (1986) and DCC #23-110 inter alia.
I. The judicial power extend to all cases, const.
art. III cl. 2. and this matter turns on numerous
of violations.
II. Petitioner is addressing a deprivation of a Cons-
titutional Rights and a hearing should be granted
on the merits. Claims. Parts. et.al: and the cruel and
unusual punishment infliction under the U.S. Con-
stitution and the violation of the separation of
power doctrine. and Ex post facto laws and the
due process clause. const. art. I. sect #9. cl. 3. SEE:
Luck, supra. 617A. 2d. 514. and Garcmillo V. Romero.
I. N.M. 219 U.S. 219. 243. 190. 194 violates the 13th amen-
dment to (division). The "good time" vocational pro-
grams successfully completed, which is author-
ized by the provisions/contract, due process;

## Continue

,due process; D.C. prisoners created no property or liberty interest in educational programing that would protected by the U.S. Constitution Amendment V. Green V. District of Columbia (D.D.C. Nov. 11, 1991).

III. The jurisdiction Oan D.C. Code offenders incarcerated in other jurisdiction must bring (Habeas Corpus) petitions Oan goodtime credits, educational credits, vocational credits, etc. pursuant to DCC #24-311.0 24-521.06. Daughtry v. United States Board of Parole, 78 F. supp. 255 _ D.D.C. 1995; cited in Sellmon V. Quick, app. _ C. 678 A. 52 25 (1996) Current through D.C. C_ #16-1. effective May 14, 2005 D.D.C #24-321.0 – (2005) 24-433;

IV. The awarded good time credits may be Oen forfeited, withhold, and restored by the Director and pre-mulgated, with by the pursuant to 24-321.02 after a hearing a sixth 6th amendment right of due process 24-321.06; Oan-only, 24-434; 24-321.02.

V. Petitioner were subject to multiple punishments Oan the same offense after sentencing; these were clear legislative intent establishes all credit shall not be diminished and there were no jury finding an Institutional appeal Board Committee established under # 24-433; 24-321.04 - (2005); 24-321.06; 321.08 a six (6th) amendment right to a fair hearing as been violated.

VI. General Rules is unconstitutional statutes and to alter is a violation. SEE Marbury V. - Madison. 5.U.S. 368. SEE: Fong Yue Ting V. U.S. 698, 479, 37 S.L. 905, 925, 13 Sup. Court Rep. 1016 is the exercise of the "power of statutes" violates the due process clause and deprive us of Life, liberty the U.5th (5th) amendment Adams V. New York, 192 U.S.

<u>Continue</u>

Adams V. New York, 192 U.S. 585 H 48 L. ed. 575. 24 Sup. Court Rep. 372.

VII. Those articles, violations of due process are legal documents presented. SEE: Amico V. Cello 67. Misc. 32. 636. 324 N.Y.S. 2d 483. 486 and an Ancient document like the DCC # 34-431. 34-429; 428. 4__ SEE: F. Ev2? R. 803 (16)

VIII. Petitioner alleges his credits and all years to petitioners he was violated. ex. post facto law and due process and it violates the separation of power doctrine - when U.S. Parole Com. And at. added to the legal imposed sentence and it was cruel and unusual punishment violated under the U.S. Constitution.

<u>Arguments:</u>

IX. The parties in this matter violated a fundamental restoration of power within the U.S. Constitutional structure and the practice that a petitioner must be given credit for time spent in custody on the sentence that is being served." When any court hands down its sentence: the sentence has a start and expired date, unless a warrant is issued to stop the sentence for escape or failure to report on parole.

X. The petitioner is still in legal custody while on parole being supervised and reporting and complying with the conditions of parole thus this court judge can "Release" petitioner from its own judgment on sentence under DCC # 33-110 to vacate. set aside.

XI. Petitioner has always remained in lawful custody of the (United State General) even

## Continue

(Unite State General) even when placed on parole and all credit must be granted unless a warrant was issued to stop the petitioner time and escape is the only way time could possibly stop.. assuring arguelent. Q a "Federal Judge" can not stop his/her sentence "Once Executed", what give the U.S Parole Comm. the power to exceed a judge contrast Order: and if a sentence was superer cout of the D.C Superior Court what give the Cort. the U.S Parole Comm. the power to exceed a a lower cout judge and add more time on the same Contract Order: it will violate the ex post Facto law. Court. at I.9 cl.3 — violate the seperation of power doctrine and diminishing the earned credits.

XII. The interpretation of the statues 34-431(A) and 34-206 as applied in this case (per Noble V. U.S. Parole Comm. 877 F. Supp II (D.D.C. 1995) 34-206 controls petitioner's parole and 34-431 controls petitioner's parole... petitioner's street-time can not be resided because parole time is still custody (lawful custody) SEE: F.Evid.R. 803(16); Luck. Supra. 617A 2d.514; SEE: Fong Yue Ting V. U.S. 149 U.S. 698, 479, 37S.L.ed 905.935; 13 Sup. Court Rep 1016 in the exencise of the power of statutes. A sentences may be lengthened, street time cannot be rescinded as it creates a seperation of power act, and a violation of ex post facto violation of art: sect #9 cl.3 if the U.S Constitution, the law of the land.

XIII. Judge Ferrben, points out in the Noble 693 A, 2d at ___ IIII the legislation has decreed decreed in unambiguous language that all defendaots shall recieve credit for (street time)

## Continue

shall recieve credit for (street time) It
is not the courts role to question that
decision, also at ....1108 the court even in
the good cause may not impose in words
a meaning that they will not bear U. S.
V. Nan Dietscher Iloyd. 186 F. 391. 395(s)
N.Y. 1911) 223 U. S. 512 32 S. Ct. 241 53 L. ed
531. whether the cause in the case is good
or bad is not for the court to decide but
the words of Sec # 24-431(A) will not bear
the meaning that was intended. The correct
rule in interpretation is that not if sta-
tues relate to the same thing they ought
all to taken into consideration. Lick I
Supra 617. A. 2d at 514.

XIV. When legislation contemplates passing
a new statue, it is careful to reach the
statue... in force it explicitly when pass-
ing the new one. The presumption against
implied repeals is avoided upon advising
that the legislature is presumed to en -
vision the whole body of the law when it
enacts new legislation. Sutherland statu-
tory Construction 23.10 apt. 346 (4th ed 1985)
ed. U. S. S. 14 A. 2d 486-88 (7th Cir 1987) in short
at People V. Sims, 38 Mich. App. 127, 183 N. W.
2d 766 (1972) a parole granted a prisoner
shall be construed simply as a permit to
such prisoner to go without the enclosure
of the prison and not as a release. and
while so at large be ... shall be deemed -
to be skill serving out the sentence impose
upon him/her by the court and shall be -
entitled to good time the same as if he/
she were confined in prison.

XV. This court is also asked to take judici-
al Notice of Doal note: 10 in No2le. 693 A2d
1084 (D. c. App. 1997)

Continue

1084 (D.C. App. 1997) where is the 2:00
provision a was subsequently deleted
authorizing credit for "street time -
spent on probation. Petitioner is here
today as a Special Visitor claim in this
matt and is respectfully requesting this
court to issue an "Order under DCC #
23:110 or 16-1901 or a hearing to release
Petitioner from this sentence this D.C.
Sup. Court has imposed on Dec. 10. 198-
and has expire or will expire on 12:10:-
this is a due or writing to deliver a
"Written statement and discharge petr
from this sentence in Docket No. F.
4---53 B.C.

XVI. The sentence has exceeded the "Maxum-
authorized by law and is subject to Col
lateral attack Uston. 590 A 3d 511-14 (1990)
and execution 23:110 and the "due process /
equal protection clause "Morrissey V. Brewer
408 U. S. 471. 484. (1972); Cooper V. Hadden. 586 F.
Supp 586 (Colo. 1983) the Admin. Pro. Act 5 USC.
706 (2)(A) directing reviewing court to set
aside action.

XVII. There is no "D.C. Parole Municipal Re-
gulations Governing the provisions or Su-
pervised release or parole since Aug. 2001
on D.C. M.R. at 28 D.C.M.R. ch # 1-2. SEE:
Append. III and there is no provisions SEE:
of parole in Revitalization Act. sect. # 24261
24-1201 et. Seq. it violates the Ex Post Facto
clause and the separation of Power Do-
ctrine. by agents agencies of (CSOSA). U.S.
Parole Court. SEE: append II. D.C. C# 24-1231
XIII. DCC# 24-1212 all felonies offenders ser-
ve 85% both D.C. Code # 24-203. 1(d) and D.C.
Superior Court will assume jurisdiction
over parole violator warrants. revocation

## Continue

violator warrants, revocation, and modify-
ing conditions of parole. SEE: D.C. Code
No. 24-1231, 123(A) Cosgrove, 703 F. Supp.
995 (Dec. 1988); Brower, 408 U.S. 471, 482,
(1972) parole revocation liberty interest
Protection 5th-14th Amendment ID# 408 U.S.
at 489.

## Certificate of Service

I, hereby cause this Memo under DC-
2 No. 23-111 to vacate or aside "Sen-
tence" on grant a hearing on the merits
or issue a writ to achieve the petition-
er know the sentence imposed by the
court on December 10, 19__

Respectfully Submitted
Lewis A. Hooks
Notary:

D. Hacker
Authorized by the Act of July 21, 1955,
as amended, to administer oaths
(18 U.S.C. Chapter)
10/4/06

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
~~District of Columbia~~

vs.

Glen A Hooks

Case No. F4600-83 BC

PDID No. 325-565

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☒ Not Guilty ☐ Guilty to the Charges of

B - Armed Robbery

C - Assault with Intent to Commit Robbery

and having been found guilty by ☐ Jury ☐ Court, it is hereby ORDERED that the defendant be held

~~vated of and is guilty of the offense~~ charged, and is hereby SENTENCED to Ten

years at a minimum of Ten years Thirty

as to each count. Sentence are to r

concurrent with each other

☒ ORDERED that the defendant is committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Obtain a job as soon as possible or continue your present employment.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

_____

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

Costs in the aggregate amount of $ 100.00 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

December 10 1987
Date

A TRUE COPY
TEST JUL 6 2006

Clerk Superior Court of the
District of Columbia

_____
Judge

Certification by Clerk pursuant to Criminal Rule

December 10 1987
Date

By: _____
Deputy Clerk

_____
Deputy Clerk

Original — Court
Blue — Jail
Green — Defendant
Canary — Social Services

Pink — Mayor's Office
Goldenrod — U.S. Attorney/Corporation Counsel
Goldenrod — Defense Attorney

| DATE: 3 January 2006 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) A-C | CONTINUED DATE 13 Jan. 06 | Continued for: NJ | In Courtroom Nbr. 118 |
|---|---|---|---|---|---|---|
| COURT REPORTER  TAPE ☑ 118 | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing ☐ Held  ☐ Held for G.J. Action ☐ Waived  ☐ No Probable Cause | | ☐ Remaining counts to be dismissed at sentencing |
| Counsel: ☐ IS PRESENT ☐ IS NOT PRESENT | | Defendant: ☐ IS PRESENT ☐ IS NOT PRESENT | | BOND $ 250.00 | ☐ CASH ☑ SURETY   % | ☐ P.R. |

Come-up issued. Δ was Forth-with. Case continued @ Defense

request.

| Count(s) _____ Nolle Prosequi  Prosecutor _____ | Defendant released and warned ☐ of Penalties for failure to return |
|---|---|

| ☐ New Commitment Executed | ☑ Back To Jail O.C. | ☐ Release Executed | ☐ Not In Custody |
|---|---|---|---|

| DISPOSED | | | | PENDING | | | | | | CLERK | JUDGE/COMM. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CLOSED | Held G.J. | CONT. PAY | Show Cause | B/W | Status | Jury | Non Jury | Sent. | Others | Updated By  1/11 | Jacksm |

| DATE: 13 January 2006 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) A-C | CONTINUED DATE 17 Jan 2006 | Continued for: NJ | In Courtroom Nbr. H |
|---|---|---|---|---|---|---|
| COURT REPORTER  TAPE ☑ 118 | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary hearing ☐ Held  ☐ Held for G.J. Action ☐ Waived  ☐ No Probable Cause | | ☐ Remaining counts to be dismissed at sentencing |
| Counsel: ☑ IS PRESENT ☐ IS NOT PRESENT | | Defendant: ☑ IS PRESENT ☐ IS NOT PRESENT | | BOND $ 250.00 | ☐ CASH ☑ SURETY   % | ☐ P.R. |

Case continued @ Government's request Come-up issued

| Count(s) _____ Nolle Prosequi  Prosecutor _____ | Defendant released and warned ☐ of Penalties for failure to return |
|---|---|

| ☐ New Commitment Executed | ☑ Back To Jail O.C. | ☐ Release Executed | ☐ Not In Custody |
|---|---|---|---|

| DISPOSED | | | | PENDING | | | | | | CLERK | JUDGE/COMM. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CLOSED | Held G.J. | CONT. PAY | Show Cause | B/W | Status | Jury | Non Jury | Sent. | Others | Updated By  1/14 | B Jacksn |

| DATE: 17 January 2006 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE See Final Disposition | Continued for: | In Courtroom Nbr. |
|---|---|---|---|---|---|---|
| COURT REPORTER  TAPE ☑ 118 | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing ☐ Held  ☐ Held for G.J. Action ☐ Waived  ☐ No Probable Cause | | ☐ Remaining counts to be dismissed at sentencing |
| Counsel: ☑ IS PRESENT ☐ IS NOT PRESENT | | Defendant: ☑ IS PRESENT ☐ IS NOT PRESENT | | BOND $ | ☐ CASH ☐ SURETY   % | ☐ P.R. |

Trial commenced and concluded. The Court finds the Δ Guilty to

Count "B". Count "C" Dwop- Govt not ready!

| Count(s) _____ Nolle Prosequi  Prosecutor _____ | Defendant released and warned ☐ of Penalties for failure to return |
|---|---|

| ☐ New Commitment Executed | ☐ Back To Jail O.C. | ☐ Release Executed | ☐ Not In Custody |
|---|---|---|---|

| DISPOSED | | | | PENDING | | | | | | CLERK | JUDGE/COMM. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CLOSED | Held G.J. | CONT. PAY | Show Cause | B/W | Status | Jury | Non Jury | Sent. | Others | Updated By | |

| Name: Hooks, Glen | Docket No.: DV-2412-05 |
|---|---|